654 N.W.2d 916 (2003)
Majed HASAN and Mehson Husan, Plaintiffs-Appellants,
v.
AUTO CLUB INSURANCE ASSOCIATION, Defendant-Appellee.
Docket No. 120907, COA No. 221815.
Supreme Court of Michigan.
January 8, 2003.
On order of the Court, the delayed application for leave to appeal from the December 7, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I would grant leave to consider whether plaintiffs' injuries here "[arose] out of the ownership, operation, maintenance or use of a motor vehicle," as provided under Michigan's no-fault statute, M.C.L. § 500.3105(1). In an effort to clean a gas tank, plaintiffs removed it from their car and attempted to wash it out in an enclosed room. However, while plaintiffs were in the process of doing this, a pilot light from the gas heater of the house ignited fumes emitting from the gas tank and caused plaintiffs to sustain severe burns. After plaintiffs filed suit for no-fault benefits, defendant moved for summary disposition, which motion was granted by the trial court and affirmed by the Court of Appeals.
If this case pertained to whether plaintiffs exercised wise judgment in their actions, I would affirm. Cf. Allstate v. McCarn, 466 Mich. 277, 645 N.W.2d 20 (2002). Instead, this case pertains simply to whether plaintiffs' injuries have arisen "out of the ... maintenance" of a motor vehicle. Because I am not yet persuaded that the trial court and the Court of Appeals properly applied this provision and, therefore, properly granted summary disposition for defendant, I would grant leave.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARKMAN, J.
MARILYN J. KELLY, J., would grant leave to appeal.